UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSELYNE LAGUILLE-BRUGMAN,

    Plaintiff,

v.                                                                  Case No: 8:21-cv-1064-CEH-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the Government's Motion to Dismiss (Doc. 16), filed on April 12, 2022. In the motion, the Government requests the Court dismiss Plaintiff's Complaint for lack of jurisdiction. Plaintiff filed a response in opposition. Doc. 21. The Court, having considered the motion and being fully advised in the premises, will grant Defendant's Motion to Dismiss and dismiss Plaintiff's Complaint without prejudice.

## DISCUSSION

In this medical malpractice wrongful death case, Plaintiff Roselyne Laguille-Brugman, who is proceeding *pro se*, sues the Defendant, United States of America, under the Federal Tort Claims Act for the death of her husband, Cort Brugman, who was a 100% disabled veteran. Doc. 1. In her complaint, Plaintiff alleges medical negligence on behalf of the physicians and nurses of James A. Haley Veterans Hospital in Tampa, Florida, for failing to properly diagnose, manage, and treat Cort Brugman

for his diffuse alveolar hemorrhage ("DAH"). She seeks compensation for emotional pain and suffering, loss of companionship, and costs of this action. The Government answered the Complaint and admitted that the veteran Cort Brugman died on December 22, 2019, but otherwise denied that the physicians and nurses of James A. Haley Veterans Hospital were negligent. Doc. 7.

On April 12, 2022, the Government moved to dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(1), arguing this Court lacks jurisdiction because the Plaintiff does not have standing to bring the medical malpractice claims in her own name and she fails to demonstrate her capacity as personal representative for her husband's Estate. A facial attack on subject matter jurisdiction under Rule 12(b)(1) "requires [] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (citations omitted). In assessing a motion to dismiss pursuant to Rule12(b)(1) the Court affords Plaintiff the same safeguards as those provided in opposing a Rule 12(b)(6) motion, it considers all allegations of the complaint as true and is confined to the four corners of the complaint. *Id*.

As the Government points out, the FTCA requires federal courts to apply the substantive law of the state where the suit is filed, which means the Court must review this motion under Florida state law. *See Triolo v. United States*, 2022 WL 843580, *1, *1 (M.D. Fla. Mar. 22, 2022) ("In considering claims brought under the FTCA, the Court applies the substantive law of the place where the claim arose."). As Plaintiff's

2

claims arise out of allegations of medical negligence resulting in her husband's death, Plaintiff's claims are appropriately reviewed under Florida's Wrongful Death Act. *See* Fla. Stat. §§ 768.16-26. Under Florida's Wrongful Death Act, a lawsuit that is based on a wrongful death "shall be brought by the decedent's personal representative, who shall recover for the benefit of the decedent's survivors and estate all damages, as specified in this act, caused by the injury resulting in death." Fla. Stat. § 768.20.

Here, Plaintiff, as the surviving spouse, has brought claims for her husband's death in her own name, rather than in the name of the personal representative of her husband's estate, which is contrary to Florida law. "The survivors may not bring separate legal actions and are required to participate in the single legal action filed by the estate." *Wagner, Vaughan, McLaughlin & Brennan, P.A. v. Kennedy L. Grp.*, 64 So. 3d 1187, 1191 (Fla. 2011). "By statute, the personal representative is the only party with standing to bring a wrongful death action to recover damages for the benefit of the decedent's survivors and the estate." *Id.* Thus, Plaintiff may not bring this suit in her own name for the alleged wrongful death of her husband. Plaintiff has not alleged that she has been appointed personal representative of her deceased husband's estate, nor is there any evidence before the Court demonstrating such. In her response, Plaintiff indicates that because all assets were transferred to her as surviving spouse, no estate was opened. Doc. 21 at 2. She requests the opportunity to amend if the Court deems an estate necessary. As stated above, only a personal representative of an estate in Florida may bring wrongful death claims on behalf of the survivors.

3

Accordingly, the Government's motion will be granted, and the Complaint will be dismissed. The dismissal will be without prejudice to give Plaintiff the opportunity to open an estate, retain counsel, and cure the defect in her pleadings.[1] It is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 16) is **GRANTED**.

2. Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice**.

3. Plaintiff may file an Amended Complaint which substitutes the proper plaintiff—the Personal Representative of the Estate of Cort Brugman—on or before **November 7, 2022**. Failure to file an amended complaint within the time allowed will result in dismissal of this action without further notice.

4. All pending deadlines are **STAYED** for a period of ninety (90) days.

As Plaintiff has been given the opportunity to amend the complaint, Defendant's Motion for Summary Judgment (Doc. 22) will be **DENIED without**

---

[1] Courts in this Circuit have held that an individual may not represent an estate pro se. *See Wazen v. Blackmon*, No. 3:10CV50/MCR/MD, 2011 WL 13318386, at *4 (N.D. Fla. Feb. 18, 2011) (holding that although 28 U.S.C. § 1654 provides that parties in federal court may plead and conduct their own cases personally or by counsel, a wrongful death action under Florida law is an action brought in a representative capacity to "recover for the benefit of the decedent's survivors and estate." Fla. Stat. § 768.20.) The *Wazen* court found that because "[t]he estate of the decedent is a separate legal entity from the individual plaintiff, . . . [the] case could only be maintained through counsel." *Id.* (citing *Reshard v. Britt*, 839 F.2d 1499 (11th Cir. 1988) (holding that personal representatives of estate who brought wrongful death suit under Florida law in federal district court could not prosecute wrongful death claim pro se)); *see also Graham v. Wilkins*, No. 6:05-CV-823-PCF-JGG, 2006 WL 8439314, at *2 (M.D. Fla. Nov. 20, 2006) ("where Plaintiff has brought this action on behalf of the estate and ultimately the other decedent's survivors, if any, and the estate's creditors in addition to her own personal interest . . [i]n these circumstances, courts require that a personal representative appear through counsel to ensure competent representation for all of the parties with personal interests in the estate").

**prejudice.** The Court has no jurisdiction to consider the merits of this action as Plaintiff does not have standing to pursue it.

    **DONE AND ORDERED** in Tampa, Florida on August 8, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Roselyne Laguille-Brugman, *pro se*
Counsel of Record