UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSELYNE LAGUILLE-BRUGMAN,

    Plaintiff,

v.                                              Case No: 8:21-cv-1064-CEH-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____

## ORDER TO SHOW CAUSE

This matter is before the Court upon review of the file. On August 8, 2022, the Court entered an order dismissing Plaintiff's Complaint for lack of standing. Doc. 26. On October 31, 2022, Plaintiff filed an Amended Complaint on behalf of the estate and the other decedent's survivors, as well as herself. Doc. 27. Because Plaintiff cannot represent the interests of the estate of her deceased husband and the survivors *pro se*, the Amended Complaint is due to be stricken and the Court issues this Order to Show Cause.

## DISCUSSION

Plaintiff, Roselyne Laguille-Brugman, filed this medical negligence action against the Government arising out of the alleged wrongful death of her husband, Cort Brugman, who died after receiving medical treatment at the James A. Haley Veterans Hospital. Because Plaintiff brought the action in her own name, rather than through the personal representative of her deceased husband's estate, the Court

directed Plaintiff to substitute the proper plaintiff—the Personal Representative of the Estate of Cort Brugman—and to file an Amended Complaint. Plaintiff was cautioned that courts in this Circuit have held that an individual may not represent an estate *pro se*.[1] *See* Doc. 26 at 4 n.1.

Federal court appearances are governed by 28 U.S.C. § 1654 which permits parties "[i]n all courts of the United States ... [to] plead and conduct their own causes personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. "The right to self-representation has been limited to the right to represent one's self and does not extend to representing someone else or an entity." *Eason v. Williams*, No. 5:00-CV-0969-VEH, 2008 WL 11423965, at *5 (N.D. Ala. Sept. 5, 2008).

In the Amended Complaint, Plaintiff seeks to represent an entity (the estate) and someone else (the other survivors). Relevant here, the Eleventh Circuit considered the question of whether a personal representative could represent an estate *pro se* in *Reshard v. Britt*, 819 F.2d 1573 (11th Cir. 1987). In *Reshard*, the plaintiffs appealed the district court's decision disqualifying them, under 28 U.S.C. § 1654, from representing an estate *pro se*. A three-judge panel of the Eleventh Circuit reversed the district court's decision, and the Eleventh Circuit later reviewed the case *en banc*. *See Reshard v. Britt*, 819 F.2d 1573 (11th Cir.), *rehearing granted and opinion vacated by* 831 F.2d 222 (11th Cir. 1987); *Reshard v. Britt*, 839 F.2d 1499 (11th Cir. 1988). Ultimately, the equally divided *en banc* court affirmed, by operation of law,

---

[1] When a litigant proceeds without legal counsel, they are said to be proceeding "pro se."

the district court's order requiring the plaintiffs to obtain counsel. *Reshard v. Britt*, 839 F.2d 1499 (11th Cir. 1988) (per curiam) (en banc). Although this affirmance is without precedential value, *see Henderson v. Fort Worth Independent School District*, 584 F.2d 115, 116 (5th Cir. 1978), the reasoning of the decision is sound. *See Eason*, 2008 WL 11423965, at *6 (collecting cases); *see also McCants v. Village of Broadview*, No. 93 C 3657, 1994 WL 117478, at *2 (N.D. Ill. Mar. 28, 1994) ("An estate by its very nature cannot represent itself and, therefore, must be represented by a licensed attorney, regardless of the relation between the administrator and the decedent. To permit an unlicensed lay administrator to appear *pro se* would be to permit the unauthorized practice of law.").

In her Amended Complaint (Doc. 27), Laguille-Brugman represents that she has now been appointed as Personal Representative of her husband's estate by Circuit Judge Pam Vergara. The Court notes that Letters of Administration appointing Laguille-Brugman personal representative were not attached to the Amended Complaint. Moreover, Laguille-Brugman represents that she is bringing the action on behalf of the estate and the decedent's survivors, as well as on behalf of her own personal interest. *Id.* at 2. When the beneficiaries of an estate include persons other than the personal representative, federal courts have rejected a personal representative's efforts to bring the action *pro se*. *See Eason*, 2008 WL 11423965, at *6 (citing *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998) (prohibiting *pro se* representation of an estate because the personal representative was litigating claims not personal to him); *Pridgen v. Andresen*, 113 F.3d at 393 ("We now hold that an

administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant."); *Witherspoon v. Jeffords Agency, Inc.*, No. Civ. A. 4:02-1831-12, 2003 WL 24029475 (D.S.C. Mar. 31, 2003) (dismissing action where *pro se* representative of an estate failed to obtain counsel); *Beyer v. N.C. Div. of Mental Health*, No. 1:01CV50-T, 2001 WL 1319506 (W.D.N.C. Oct. 16, 2001) ("The legal interests of an 'estate,' as a matter of both federal and state law, cannot be pursued by an administrator proceeding *pro se*."); *Billups v. West*, No. 95 CIV. 1146(KMW) HB, 1998 WL 341939, at *2 (S.D.N.Y. June 26, 1998) ("Furthermore, if James submits evidence of, and wishes to proceed as, the representative of Billups' estate, she must retain counsel to represent the estate; she cannot proceed *pro se*.")). The Court is persuaded that the same reasoning applies in this case such that Laguille-Brugman may not represent the estate and the interests of the other survivors *pro se*. Plaintiff will be required to retain counsel.[2] Accordingly, it is

**ORDERED:**

1. Plaintiff's Amended Complaint (Doc. 27) filed *pro se* is **STRICKEN**.

2. Plaintiff is **ORDERED** to show cause by a written response filed within **FOURTEEN (14) days** as to why this action should not be dismissed without prejudice as Plaintiff may not prosecute this action *pro se* on behalf of the Estate of Cort Brugman and the other survivors.

---

[2] Plaintiff may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono.  Additionally, Plaintiff may consult the lawyer referral service on the Florida Bar's website. https://lrs.floridabar.org/.

4

3. If Plaintiff intends to further pursue this action, she must retain an attorney to represent the estate and the interests of the survivors and said counsel shall file a notice of appearance within **THIRTY (30) days** of this Order.

4. Within **THIRTY (30) days** of the notice of appearance being filed by counsel, counsel for the estate shall file an Amended Complaint.

5. Plaintiff's failure to respond to this Order to Show Cause within the time permitted will result in this action be dismissed without prejudice and without further notice.

6. The pending deadlines are **STAYED** for another sixty (60) days.

7. The pretrial conference scheduled for December 13, 2022, and the bench trial scheduled for the Court's January trial term beginning January 3, 2023, are canceled.

**DONE** and **ORDERED** in Tampa, Florida on December 6, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties