# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROSELYNE LAGUILLE-BRUGMAN,

    Plaintiff,

v.                                          Case No: 8:21-cv-1064-CEH-JSS

UNITED STATES OF AMERICA,

    Defendant.
_____

## ORDER OF DISMISSAL

This matter is before the Court on Plaintiff Roselyne Laguille-Brugman's response to the Court's Order to Show Cause. Doc. 34. In the Order to Show Cause issued February 21, 2023, the Court granted Laguille-Brugman one final extension of time to comply with the Court's orders, including retaining counsel to represent the Estate of Cort Brugman and filing an Amended Complaint. Doc. 33. Because Plaintiff's response to the Court's Order to Show Cause indicates she has been unable to retain counsel and Plaintiff otherwise fails to comply with the other dictates of the Order to Show Cause, the Court will dismiss this action without prejudice.

## BACKGROUND

In this medical malpractice wrongful death case, Plaintiff Roselyne Laguille-Brugman ("Plaintiff" or "Laguille-Brugman"), who is proceeding *pro se*, sues the Defendant, United States of America, under the Federal Tort Claims Act for the death of her husband, Cort Brugman, who was a disabled veteran. Doc. 1. In her complaint,

Plaintiff alleges medical negligence on behalf of the physicians and nurses of James A. Haley Veterans Hospital in Tampa, Florida, for failing to properly diagnose, manage, and treat Cort Brugman for his diffuse alveolar hemorrhage. Because Laguille-Brugman brought claims for her husband's death in her own name, rather than in the name of the personal representative of her husband's estate, the Court dismissed Laguille-Brugman's Complaint. Laguille-Brugman was granted leave to file an amended complaint substituting the Personal Representative ("P.R.") of the Estate of Cort Brugman as the proper plaintiff. Doc. 26 at 4. The Court stayed the action 90 days to permit Plaintiff time to set up the estate and have a P.R. appointed. *Id.*

On October 31, 2022, Plaintiff filed an Amended Complaint, *pro se*, on behalf of herself as the P.R. of Cort Brugman's Estate and the other decedent's survivors. Doc. 27. Because Plaintiff cannot represent the Estate and the other survivors *pro se*, the Court struck the Amended Complaint and ordered Plaintiff to show cause why this action should not be dismissed. Doc. 28. On December 6, 2022, the Court gave Plaintiff 30 days to retain counsel to represent the interests of the Estate and the survivors. Doc. 28 at 5. On January 5, 2023, the Court granted Plaintiff another extension of time to retain counsel and to respond to the Court's order to show cause. Doc. 31. On February 21, 2023, the Court granted Plaintiff another extension of time up to March 23, 2023, to retain counsel and have counsel file a notice of appearance on behalf of the Plaintiff in her capacity as P.R. of her late husband's estate and a response to the order to show cause. *Id.* Doc. 33 at 3. Additionally, the Court directed that an amended complaint be filed through counsel no later than April 12, 2023. *Id.* at

2

3. To date, no counsel has appeared on behalf of the Estate and its beneficiaries, and no Amended Complaint has been filed. On March 13, 2023, Plaintiff filed a response to the Order to Show Cause. Doc. 34. In sum, Plaintiff states that despite her repeated efforts, she was unable to locate counsel willing to represent the Estate in this action and therefore is unable to comply with the Court's orders.

## DISCUSSION

A district court may dismiss a plaintiff's claims pursuant to Rule 41(b) or the court's inherent authority to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss this action or any claim against it." Fed. R. Civ. P. 41(b). The Eleventh Circuit has recognized that a district court may dismiss an action *sua sponte* for the plaintiff's failure to prosecute her case or obey a court order under Rule 41(b). *Betty K Agencies, Ltd.*, 432 F.3d at 1337.

As detailed above, Laguille-Brugman was given multiple extensions of time in which to retain counsel to represent the interests of the Estate. The Court has previously explained that Laguille-Brugman, a non-lawyer, may not represent the interests of the Estate and those of the other beneficiaries. *See* Docs. 26 at 4, n.1; 28 at 2–3; 31 at 1, n.1. While numerous district courts have so held, the Eleventh Circuit only recently clarified the issue, holding "under the terms of § 1654, an executor may not represent an estate *pro se* where there are additional beneficiaries, other than the

3

executor, and/or where the estate has outstanding creditors." *Iriele v. Griffin*, No. 21-12570, -- F.4th --, 2023 WL 2964512, at *4 (11th Cir. Apr. 17, 2023) (collecting cases) ("We join several of our sister circuits that have reached the same conclusion, prohibiting executors of estates from representing the estate in federal court *pro se* where the estate has additional beneficiaries and/or creditors."). Despite this Court's repeated admonition to Plaintiff to retain counsel to represent the Estate's beneficiaries, Laguille-Brugman has failed to retain counsel. She explains that she has tried, but that her efforts were unsuccessful. Her response to the Order to Show Cause acknowledges she is unable to comply with the Court's Orders. Doc. 34. The Court's Order cautioned Plaintiff that her "failure to respond to the Court's Order to Show Cause within the time permitted and/or failure to timely file an Amended Complaint through counsel will result in this action being dismissed without prejudice and without further notice." Doc. 33 at 4. Accordingly, this action is due to be dismissed.

It is hereby **ORDERED:**

1. This action is **DISMISSED without prejudice**.

2. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on April 24, 2023.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to: Counsel of Record and Unrepresented Parties